UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVIAN ORTIZ MILLS,

    Plaintiff,

vs.                                                                             Case No.:

KEYS CLAIMS CONSULTANTS, LLC.,
a Florida Limited Liability Company, f/k/a
KEYS CLAIMS CONSULTANTS, INC.
and GEORGE W. KEYS, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VIVIAN ORTIZ MILLS, ("Plaintiff"), hereby files this Complaint against Defendant, KEYS CLAIMS CONSULTANTS, LLC, ("KCC"), a Florida Limited Liability Company, f/k/a KEYS CLAIMS CONSULTANTS, INC., and GEORGE W. KEYS, an individual, (collectively "Defendants"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.    Venue in this Court is proper, as the acts and omissions in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business

in this judicial district.

## PARTIES

1. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

2. At all times material to this action, KCC was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, KCC was, and continues to be, engaged in business in Florida, with a principal place of business in Collier County, Florida.

3. Based on information and belief, at all times material hereto, Defendant GEORGE W. KEYS was individual resident of the State of Florida, Lee County.

4. At all times material hereto, Defendant GEORGE W. KEYS was President and Manager of KCC, who managed the day-to-day operations of the business and regularly exercised the authority to: (a) hire and fire employees of KCC; (b) determine the work schedules for the employees of KCC; and (c) control the finances and operations of KCC.

5. Defendant GEORGE W. KEYS is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of KCC towards Plaintiff.

6. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

7. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

8. Defendants were, and continue to be, "employers" within the meaning of

the FLSA.

9. At all times material to this action, Defendant KCC was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant KCC was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as computers, telephones, and office supplies.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13. In December 2017, Defendants hired Plaintiff to work as an insurance attendant, scheduling, and front desk for Defendants' insurance claims consulting services company.

14. Plaintiff's job duties included, but were not limited to, taking insurance inspectors to properties letting them in, and noting the time in and out.

15. The Parties agreed that all miles over 30 miles would be considered compensable.

16. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

17. From at least December 2017, through March 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18. Specifically, Plaintiff was paid $20 per hour, with no premium for her overtime hours.

19. Defendants misclassified Plaintiff as an independent contractor throughout her employment.

20. Plaintiff had no signed contract with either Defendant.

21. Defendants made no payments to Plaintiff, individually and not to a corporate entity.

22. Plaintiff was not incorporated during her employment with Defendants.

23. Defendants provided with a uniform with the company's name, consisting of five polo shirts, which she was required to wear.

24. Plaintiff received all of her assignments from Defendants.

25. Plaintiff was requires to follow Defendants' rules.

26. Plaintiff did not set her rate of pay.

27. Plaintiff was not hired for a particular duration.

28. Plaintiff's job did not require a high degree of skill.

29. Plaintiff could not hire others to work for her in her work for Defendants.

30. Plaintiff could not turn down work.

31. Plaintiff could not develop her own clients.

32. Defendants supplied Plaintiff with all of her materials used to do her job, including forms, printers, copiers, and computer.

including forms, printers, copiers, and computer.

33. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

34. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

35. Defendants have violated Title 29 U.S.C. §207 from at least December 2017, through March 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above.

36. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, of the FLSA mandates and their applicability to Plaintiff's employment, but chose not to pay her at an overtime rate for all of her overtime hours.

37. In fact, when Plaintiff asked about being paid overtime, Defendant Keys simply stated that she was a subcontractor.

38. Defendants failed and/or refused to properly disclose or apprise Plaintiff

of her rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. From at least December 2017, and continuing through March 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

42. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

44. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in a workweek, plus liquidated damages.

45. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 7th day of October, 2019.

*/s/ Angeli Murthy*
Angeli Murthy, Esq.
Florida Bar No.: 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*