# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is entered into by and between Plaintiff, **VIVIAN ORTIZ MILLS** ("Plaintiff"), and Defendants, **KEYS CLAIMS CONSULTANTS, LLC.,** a Florida Limited Liability Company, f/k/a **KEYS CLAIMS CONSULTANTS, INC.** and **GEORGE W. KEYS,** Individually (collectively "Defendants").

WHEREAS, Plaintiff filed a lawsuit alleging claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"); and

WHEREAS, Defendants have denied any violations of the FLSA; and

WHEREAS, Plaintiff calculated the maximum amount of overtime she could be owed, and Defendants agreed to pay this amount, plus an equal amount in liquidated damages, in addition to Plaintiff's reasonable attorneys' fees and costs; and

WHEREAS, Plaintiff and Defendants wish to resolve only this FLSA issue, and not to resolve any other remaining disputes that the Parties may have;

NOW, THEREFORE, in full consideration of the mutual promises and covenants contained in this Agreement and other good and valuable consideration, Plaintiff and Defendants, agree as follows:

1.      For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Plaintiff agrees as follows:

        A.      To settle any and all claims which Plaintiff has against Defendants raised in the case Plaintiff has filed in the U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:19-cv-730-FtM-29MRM (the "Lawsuit"), and to dismiss the Lawsuit with prejudice; and

        B.      To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

2.      For and in consideration of the promises made by Plaintiff in Paragraph 1 of this Agreement, Defendants agree to pay Plaintiff the total consideration of **Six Thousand Five Hundred Dollars ($6,500.00).** These payments will be made as follows:

        A.      One Thousand Five Hundred Dollars ($1,500.00), representing payment for alleged liquidated damages owed will be due in the form of a cashier's check, payable to Vivian Ortiz Mills.

B.    One Thousand Five Hundred Dollars ($1,500.00), representing payment of wages allegedly owed, will be due in the form of a cashier's check, payable to Vivian Ortiz Mills.

C.    Three Thousand Five Hundred Dollars ($3,500.00), representing attorneys' fees and costs incurred on Plaintiff's behalf, will be due in the form of a cashier's check, payable to Morgan & Morgan, P.A.

***Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel for representing her interests in this matter.***

3.    The payment described in Paragraph 3 above, must be received by Plaintiff's counsel **(c/o Angeli Murthy, Esq., Morgan & Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, Florida 33324) on or before November 30, 2019**.

4.    The parties agree that, even though Plaintiff has not compromised her claims for wages or liquidated damages in resolving this action, and even though her attorneys' fees were negotiated separately and after the amounts to Plaintiff were determined, the Parties will file a joint motion for approval of the settlement as fair and reasonable. Plaintiff takes the position that such approval is unnecessary, however, agrees to file same in order to give Defendants additional confidence as to the enforceability of the release of FLSA claims contained in this Agreement.

5.    In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection with the enforcement of this Agreement therewith as determined by the court in any such action.

6.    Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7.    This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendants.

8.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or

provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

9.    This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

10.    The parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida.  In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Agreement:

DATE:_____        Signature:


DATE: 11/4/19        **VIVIAN ORTIZ MILLS**
Signature:

**KEYS CLAIMS CONSULTANTS, LLC.**

PRINT NAME

TITLE:


DATE: 11/4/19        Signature:

**GEORGE W. KEYS**

3

provision shall be deemed not to be a part of this Agree nent and all other valid provisions shall survive and continue to bind the parties.

9.      This Agreement may be executed in counterpar ; and an executed version of this Agreement, if transmitted by facsimile or if scann( d and emailed, shall be effective and binding as if it were the originally executed docun ent.

10.      The parties agree that this Agreement was en :red into in the State of Florida, and shall be construed and enforced in accordance wi 1 the laws of the State of Florida.  In the event that any party is forced to institute legal )roceedings for breach of the terms of this Agreement, it is specifically understood and : greed that any such legal proceeding must be brought exclusively in the federal or state c( urts servicing Florida.

IN WITNESS WHEREOF, the parties hereto knowingl · and voluntarily execute this Agreement:

DATE: 11/18/2019

Signature:

VIVIAN ORTIZ I IILLS

DATE: 11/4/19

Signature:

KEYS CLAIMS CONSULTANTS, LLC.

George Keys
PRINT NAME

TITLE: President

DATE: 11/4/19

Signature:

GEORGE W. KEYS

3