UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VIVIAN ORTIZ MILLS,

    Plaintiff,

v.                                              Case No.:   2:19-cv-730-FtM-29MRM

KEYS CLAIMS CONSULTANTS, LLC.,
a Florida Limited Liability Company, f/k/a
KEYS CLAIMS CONSULTANTS, INC.
and GEORGE W. KEYS, Individually,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice on November 18, 2019.  (Doc. 10).  Plaintiff Vivian Ortiz Mills (Plaintiff) and Defendants Key Claims Consultants, LLC., f/k/a/ Key Claims Consultants Inc. and George W. Keys (Defendants), jointly request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") wage claims asserted in this case.  After a careful review of the parties' submissions and the court file, the Undersigned recommends approval of the proposed settlement.

**LEGAL STANDARD**

To approve the settlement of a FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to

employees. *Id*. at 1353.  The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## CLAIM AND DEFENSES

In the Complaint, filed October 8, 2019, Plaintiff Ortiz alleges that Defendants misclassified Plaintiff as an independent contractor throughout her employment as an insurance attendant from at least December 2017, though March 2019.  (Doc. 1 at 4).  Plaintiff alleges during her employment with Defendants, Plaintiff was required to perform work for which she was not compensated.  (*Id*).  Specifically, Plaintiff alleges during her employment she was paid $20.00 per hour, with no premium for the overtime hour Plaintiff worked in excess of forty hours.  (*Id*. at 5).  Plaintiff alleges Defendants failure to properly compensate her was willful and showed reckless disregard for the provisions of the FLSA.  (*Id*. at 6).  Therefore, Plaintiff requests this Court to award compensation for hours worked over 40-hours in a workweek,

liquidated damages and an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).  Defendants did not file a timely response, but on November 18, 2019, the parties filed a Joint Motion for Settlement whereas Defendants denied wrongdoing and vigorously dispute whether Plaintiff was improperly classified as an independent contractor.  (Doc. 10 at 1).

## ANALYSIS OF THE PROPOSED SETTLEMENT

*Judicial Approval*

There is a threshold question as to whether judicial approval of the proposed settlement is actually required.  In the proposed settlement agreement, the parties recite:

> WHEREAS, Plaintiff calculated the maximum amount of overtime she could be owed, and Defendants agreed to pay this amount, plus an equal amount in liquidated damages, in addition to Plaintiff's reasonable attorneys' fees and costs.

(Doc. 10-1 at 1).  This recital suggests that Plaintiff's FLSA claim was not compromised and, therefore, no Court approval is required.  However, the settlement agreement also states:

> The parties agree that, even though Plaintiff has not compromised her claims for wages or liquidated damages in resolving this action, and even though her attorneys' fees were negotiated separately and after the amounts to Plaintiff were determined, the Parties will file a joint motion for approval of the settlement as fair and reasonable.  Plaintiff take the position that such approval is unnecessary, however, agrees to file same in order to give Defendants additional confidence as to the enforceability of the release of FLSA claims contained in this Agreement.

(Doc. 10-1 at 3 ¶ 6).  Thus, it appears that Plaintiff's counsel is satisfied that Plaintiff's FLSA claims are being settled *without compromise*, but Defendants and their counsel are unsure about the enforceability of any settlement without obtaining Court approval.  (*Id.*).

Because this matter was resolved before Plaintiff was required to answer the Court's standard interrogatories concerning the bases for her FLSA claims and because the allegations of the Complaint are not specific as to amount of unpaid wages Plaintiff sought to recover (*see* Doc. 1), the Undersigned cannot verify that Plaintiff's counsel's representations as to whether the

3

FLSA claims are being compromised or whether Court approval is actually required are accurate. The policy considerations underlying the Eleventh Circuit's decision in *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) and its progeny persuade the Undersigned to err on the side of assuming the subject settlement requires Court approval without requiring Plaintiff's counsel to incur the time and expense of explaining Plaintiff's damages calculations in more detail.

*Bona Fide Dispute*

As an additional threshold matter, the Undersigned finds that a bona fide dispute exists between the parties. As the parties adequately explain in their joint motion:

> A bona fide dispute existed between the parties, as the Plaintiff claimed an entitlement to unpaid wages owed as the result of allegedly not being paid overtime premiums while classified as an independent contractor. Defendants vehemently disputed whether Plaintiff was improperly classified as an independent contractor, and maintained that she was correctly classified at all times.

(Doc. 10 at 1). For these reasons, it is clear that the parties have a bona fide dispute in this case. Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable. The Undersigned addresses the monetary terms, and the attorneys' fees separately below.

*Monetary Terms*

As indicated above, Plaintiff alleged in the Complaint that from at least December 2017, and continuing through March 2019, Plaintiff worked in excess of forty (40) hours within a work week for which she was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay. (Doc. 1 at 6). In the Joint Motion for Settlement, the parties state that Defendant provided Plaintiff all pay and time records in order to calculate potential damages and Plaintiff's counsel, along with Plaintiff, reviewed these documents in preparing an analysis

4

as to potential damages.  (Doc. 10 at 2).  The parties stipulate that after reviewing the pay and time records, "Plaintiff and her counsel determined that Plaintiff's unpaid overtime, should she prove entitlement to same, could not exceed $1,500.00.  As Plaintiff also sought liquidated damages, her maximum damages in this lawsuit could not exceed $3,000.00."  (*Id.*).

Likewise, under the proposed settlement, Plaintiff is to receive a total of $3,000.00 in consideration of her underlying claims for alleged unpaid wages and liquidated damages in consideration of dismissal of all of Plaintiff's claims against Defendants.  (*Id.*).  While in the parties' Motion they do not explicitly explain how the $3,000.00 payment to Plaintiff is allocated, the Settlement Agreement itself (attached as Exhibit A) provides: Plaintiff will receive a total of $3,000.00 (excluding attorneys' fees and costs) with $1,500.00 representing payment for alleged liquidated damages owed, and $1,500.00 representing payment of wages allegedly owed.  (Doc. 10-1 at 3).  The parties state there has been sufficient investigation and exchange to allow counsel for the Plaintiff and Defendants to evaluate the parties' claims and defenses.  (*Id.* at 4).  The parties maintain that in order to avoid the uncertainties of litigation, settlement is appropriate and their agreement to pay Plaintiff a sum of $3,000.00 for her alleged unpaid wages and liquidated damages is fair and reasonable.  (*Id.*).

For the above-mentioned reasons, the Undersigned finds the parties' agreement is a fair and reasonable resolution of a bona fide dispute in this matter.  Both Plaintiff and Defendants were represented by experienced counsel who after joint invesitgation agree that the proposed settlement fairly resolves Plaintiff's claims against Defendants.  Thus, the Undersigned is comfortable finding that the proposed settlement reflects a reasonable compromise over the issues in dispute in this case.

*Attorneys' Fees*

The proposed Settlement Agreement provides that Defendants will pay Plaintiff's attorneys' fees and costs in the amount of $3,500.00. (Doc. 10 at 2; Doc. 10-1 at 3). The parties state, Plaintiff's attorneys' fees and costs were "negotiated apart from, and without regard to" the amount being paid to Plaintiff under the terms of the settlement. (*Id*.).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached, and the attorneys' fees were agreed upon, without compromising the amount paid to Plaintiff. (*See* Doc. 10 at 2). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorneys' fees and costs is reasonable and fair. Upon consideration of all the foregoing, the Undersigned finds and recommends that the

proposed settlement in this case is fair and reasonable, and the proposed settlement should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 10) appears to be fair and reasonable.  Accordingly, the Undersigned recommends that the settlement be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1. The Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 10) be **GRANTED**;

2. The Settlement Agreement (Doc. 10-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA dispute; and

3. If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 27, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties